# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

IRENE GOODMAN, JENNIFER COMBS, JENNA CRON, ROBERT H. GOODMAN, LAURA GRAFF, TAMARA HUNTER, LANA IZWORSKI, NICOLE IZWORSKI, ROBERT KATLER, ANGELA McMAHON, LUZ M. MURILLO, JOHN M. PISOWICZ, RAELYN PISOWICZ, DEBORAH A. MILLER, JEREMY MILLER, CARLOS SALAMANCA, and KAREN VOSGANIAN, each individually and on behalf of all other similarly-situated persons,

    Plaintiffs,

vs.

RADIOLOGY REGIONAL CENTER, P.A. and RADIOLOGY REGIONAL CENTER PROFESSIONAL SERVICES LLC, jointly and severally,

    Defendants.
_____/

CASE NO.: 2:16-cv-00301-JES-MRM

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R.Civ.P. 26(f) and M.D. Fla. R.3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) *[Court recommends 30 days after CMR meeting]* | **07/06/16** |
| Certificate of Interested Persons and Corporate Disclosure Statement *[each party who has not previously filed must file immediately]* | **06/14/16** |
| Motions to Add Parties or to Amend Pleadings *[Court recommends 1 - 2 months after CMR meeting]* | **09/01/16** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Disclosure of Expert Reports   Plaintiff:<br>Defendant:<br>*[Court recommends last exchange 6 months before trial and 1- 2 months before discovery deadline to allow expert depositions]* | **09/01/17**<br>**10/02/17** |
| Discovery Deadline<br>*[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]* | **11/30/17** |
| Dispositive Motions, Daubert, and Markman Motions<br>*[Court requires 4 months or more before trial term begins]* | **01/15/18** |
| Meeting In Person to Prepare Joint Final Pretrial Statement<br>*[(14) days before Joint Final Pretrial Statement]* | **02/27/18** |
| Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)<br>*[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference]* | **03/13/18** |
| All Other Motions Including Motions In Limine, Trial Briefs<br>*[Court recommends 3 weeks before Final Pretrial Conference]* | **03/20/18** |
| Final Pretrial Conference<br>*[Court will set a date that is approximately 3 weeks before trial]* | **04/10/18** |
| Trial Term Begins<br>*[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]* | **05/01/18** |
| Estimated Length of Trial [trial days] | **9-10 days** |
| Jury / Non-Jury | **Jury** |

- 3 -

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| Mediation | Deadline:<br>Mediator:<br>Address:<br><br>Telephone: | **11/30/16<br>Robin Doyle<br>9132 Strada Place, North Naples, FL  34108<br>239-213-0033** |
| *[Absent arbitration, mediation is mandatory; Court recommends either 2 — 3 months after CMR meeting, or just after discovery deadline]* | | |
| All Parties Consent to Proceed Before Magistrate Judge | | **Yes** _____     **No X__** |

I.      Meeting of Parties in Person

Lead counsel must meet in person and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

On June 7, 2016, the Court entered an Endorsed Order [DKT-18] granting [DKT-17] the Joint Motion to Waive Requirement to Meet in Person to Prepare Case Management Report, and directed that the Case Management Report be filed with the Court within 7 Days from the date of said Order.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), and as authorized by the foregoing Order, a meeting was held via telephone conference on June 6, 2016, at 2:30 p.m. and was attended by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| **Charles PT Phoenix** | **Plaintiffs and Proposed Class Members** |
| **Michael S. Hooker<br>Jason A. Pill** | **Defendants** |

II. Preliminary Pretrial Conference

Local Rule 3.05(c)(30)(B) provides that preliminary pretrial conferences are

*mandatory in Track Three cases.*

**Pursuant to Local Rule 3.05(b)(3) the parties note that this class action lawsuit should be designated as a Track Three case. The Related Case Order and Track Two Notice [DKT-6] dated April 26, 2016, designated this action as a Track Two case.**

*Track Two cases:* Parties *(check one)* **[ X ]** request **[ ]** do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in

this Track Two case. Unresolved issues to be addressed at such a conference include:

**Pursuant to Local Rule 3.05(b)(3) the parties note that this class action lawsuit should be designated as a Track Three case. The Related Case Order and Track Two Notice [DKT-6] dated April 26, 2016, designated this action as a Track Two case. To the extent that the Court intended to designate this action as a Track Two case, the parties request a preliminary pretrial conference.**

III. Pre-Discovery Initial Disclosures of Core Information
   Fed. R. Civ. P. 26(a)(1)(C) — (D) Disclosures

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track

Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court

(the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts

out of the mandatory discovery requirements):

The parties [ ] have exchanged **[ X ] agree** to exchange *(check one)*

information described in Fed. R. Civ. P. 26(a)(1)(C) — (D)

[ ] on **[ X ] by** *(check one)*    **07/06/16** (date).

Below is a description of information disclosed or scheduled for disclosure.

**The parties will exchange the information required by Rule 26(a)(1)(A)(i) – (v).**

- 4 -

PD.19554396.1

IV.      Agreed Discovery Plan for Plaintiffs and Defendants

      A.      Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.

A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

| | |
|---|---|
| [ **X** ]  Yes<br><br>[ \_\_\_\_ ]  No | Amended Certificate will be filed by_____ *(party)* on or before _____ *(date)*. |

      B.      Discovery Not Filed —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. See M.D. Fla. R. 3.03 (e). The parties further agree as follows:

      **No additional agreements.**

C. Limits on Discovery —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions:

   **Plaintiffs anticipate needing to conduct more than 10 depositions. Defendants have not yet made a determination concerning the need for more than 10 depositions. Any party requesting more than 10 depositions will, either, secure the agreement of the other party or parties or will file a timely motion with the Court requesting same, as appropriate.**

2. Interrogatories

3. Document Requests

4. Requests to Admit

5. Supplementation of Discovery


D. Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**No additional agreements.**

    E.    Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**None.**

    F.    Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.,* 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (*See* M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15, Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The parties intend to enter into a Confidentiality Agreement with regard to any protected HIPAA information at issue that will need to be appropriately handled.**

G.   Electronically Stored Information and Claims of Privilege —

Pursuant to Fed.R.Civ.P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

**The parties anticipate producing electronically stored information and will comply with the applicable Federal Rules of Civil Procedure regarding disclosure, discovery, or preservation of same. The parties will attempt in good faith to resolve any future disputes regarding electronically stored information after retaining, if necessary or appropriate, third-party vendors specializing in the disclosure, discovery, or preservation of such information.**

H.   Other Matters Regarding Discovery —

**Confidential and protected information will be handled in accordance with the parties' Confidentiality Agreement and any orders entered by the Court.**

V.   Settlement and Alternative Dispute Resolution.

A.   Settlement —

The parties agree that settlement is [___] likely   [ **X** ]unlikely        *(check one)*

The parties request a settlement conference before a United States Magistrate Judge.

[___] yes   [ **X** ] no   _____ likely to request in future

B.   Arbitration —

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

[___] yes   [ **X** ] no

For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

[___] yes  [ **X** ] **no**  _____ likely to request in future

[_____] Binding     [_____] Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration: **N/A**

[___] yes  [__] no   _____ likely to request in future

C.    Mediation —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D.    Other Alternative Dispute Resolution —

The parties intend to pursue the following other methods of alternative dispute resolution:

**None other than mediation.**

Date: June 14, 2016

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| /s/ *Charles PT Phoenix* | /s/ *Michael S. Hooker* |
| Charles PT Phoenix | Michael S. Hooker |
| Florida Bar No. 0535591 | Florida Bar No. 330655 |
| Jason T. File | Guy P. McConnell |
| Florida Bar No. 0023155 | Florida Bar No. |
| Anthony J. Dimora | Jason A. Pill |
| Florida Bar No. 0092347 | Florida Bar No. |
| **RHODES TUCKER PHOENIX CHARTERED** | **PHELPS DUNBAR LLP** |

2407 Periwinkle Way, Suite 6
Sanibel, FL  33957
Phone:  239-472-1144
Fax:  239-461-0083
E-mail:  cptp@RhodesTucker.com
E-mail:  jf@RhodesTucker.com
E-mail:  ad@RhodesTucker.com

Thomas V. Girardi
**GIRARDI KEESE**
1126 Wilshire Boulevard
Los Angeles, CA  90017
Phone:  213-977-0211
Fax:  213-481-1554
E-mail:  tGirardi@GirardiKeese.com

Jason W. Graham
**GRAHAM & JENSEN**
17 Executive Park Drive, Suite 115
Atlanta, GA  30329
Phone:  404-842-9280
Fax:  678-904-3110
E-mail:  jGraham@GrahamJensen.com

*Attorneys for Plaintiffs and Proposed Class Members*

100 South Ashley Drive, Suite 1900
Tampa, FL 33602
Phone:  813-472-7550
Fax:  813-472-7570
E-mail:  Mike.Hooker@Phelps.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2016 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all parties of record.

/s/ *Michael S. Hooker*

PD.19554396.1